## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RUTH MERCER | ) | CASE NO. |
| 2524 Berkshire Road | ) | |
| Cleveland Heights, Ohio | ) | JUDGE |
| 44106 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| THE MUSICAL ARTS | ) | (Jury Demand Endorsed Hereon) |
| ASSOCIATION/CLEVELAND | ) | |
| ORCHESTRA | ) | |
| Severance Hall | ) | |
| 11001 Euclid Avenue | ) | |
| Cleveland, Ohio 44106 | ) | |
| | ) | |
| Defendant. | ) | |

Ruth Mercer ("Mercer") hereby states and alleges for her Complaint against the Musical Arts Association, dba The Cleveland Orchestra ("MAA" or "Defendant"), as follows:

### NATURE OF THE CASE

1.      This is an action for unpaid wages and unpaid overtime under the Fair Labor Standards ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

2.      Mercer worked in a human resources position for the MAA, and often worked overtime hours for which she was never compensated.

3.     The MAA did not compensate Mercer because it misconstrued her as exempt from the requirements of the FLSA and OMFWSA.

4.     The MAA titled Mercer's position as Human Resources Manager ("HRM"), but Mercer's duties as HRM were overwhelmingly of a non-exempt nature, and the MAA did not vest Mercer with significant discretion in the execution of her work.  As such, Mercer was entitled to hourly and overtime compensation under the FLSA and OMFWSA.

5.     Upon her termination, Mercer recognized that she was improperly compensated, and reached out to the MAA seeking to be made whole for wages due to her.  The MAA declined to even reply to her request.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).

7.     This Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8.     Mercer is a resident of Cleveland Heights, Ohio, and is a former employee of the MAA.

9.     The MAA is primarily in the business of operating the Cleveland Orchestra and its home venue at Severance Hall, as well as related educational and entertainment programs.

10.     At all times relevant, the MAA employed Mercer at its administrative offices, located at Severance Hall at the address set forth in the caption.

11.     At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. 203(e) and R.C. 4111.03(D)(3).

12.     At all times relevant, the MAA was an employer within the meaning of 29 U.S.C. 203(d) and R.C. 4111.03(D)(2).

13.     At all times relevant herein, the MAA was an enterprise within the meaning of 29 U.S.C. 203(r).

14.     At all times relevant herein, the MAA was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

15.     At all times relevant, Mercer was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

## RELEVANT FACTS

16.     The MAA employed Mercer from September 16, 2013 until her termination on or around July 20, 2018.

17.     From her initial hire date until June 2014, Mercer worked as the Human Resources Associate, during which time she was paid an hourly wage.

18.     From June 2014 until September 19, 2014, Mercer undertook the duties of the HRM position after it was vacated by the previous HRM.

19.     On  September 22, 2014, the MAA permanently promoted Mercer to HRM.

20.     As HRM, Mercer performed predominantly non-exempt tasks, including:
(a) assisting with tracking the MAA's obligations and administration of various employee benefits, such as insurance, pension, disability leave, and related matters;
(b) informing MAA employees regarding the scope and function of available benefits;
(c) serving as a point of reference and information for employees as to other resources, *e.g.*, assisting a musician or staff member in identifying and selecting medical or other services ;
(d) securing additional benefits for MAA employees, such as membership in the Northeast Ohio Inter-Museum Council, thus providing access to free or discounted cultural arts and/or other area museum resources;
(e) assisting with the administration of the MAA health and wellness program for employees;
(f) maintaining a budget spreadsheet tracking pay and benefit data for all employees; and
(g) assistance in the administration of the MAA staff recruitment and onboarding process.

21.     Although Mercer's work in performing these tasks was generally recognized as excellent, she did not—and was not empowered to—exercise discretion and independent judgment in order to formulate significant policy directions of the MAA.

22.     Nor did the MAA vest Mercer with the authority to bind the MAA in significant transactions with third parties.  In fact, she was not even permitted to commit the MAA to expenditures in excess of $500 without permission from her superiors.

23.     Pursuant to published employee policies, Mercer was permitted to work an approved flexible schedule during the late spring and summer months, provided she continued to work at least 35 hours per week. For the other eight months each year,

Mercer routinely worked in excess of 40 hours per week, averaging between 52 and 60 hours per week.

24.     Because the MAA improperly construed the HRM position as exempt from wage and hour laws, the MAA failed to compensate Mercer for her overtime hours.

25.      As a result, the MAA owes Mercer for all hours worked in excess of 40 per week over the three years preceding her termination, payable at 150% of her base hourly rate.

26.     The MAA also owes Mercer liquidated damages under the FLSA, thus doubling the amount of unpaid wages.

27.     Mercer estimates that she is owed, at minimum, approximately $69,000, plus costs and attorney fees as provided by the FLSA, pending discovery and investigation.

28.     On or around July 26, 2018, Mercer corresponded with the MAA through counsel.  In that correspondence, Mercer sought, *inter alia*, lawful compensation for unpaid wages.  The MAA never replied to Mercer's correspondence.

**COUNT I**
(Violation of the FLSA)

29.     Mercer restates all prior allegations as if fully rewritten herein.

30.     As set forth above, Mercer frequently worked in excess of 40 hours per week, but the MAA failed to pay her overtime compensation for such hers.

31.     Rather than paying lawful overtime, the MAA paid Mercer a set salary that did not reflect overtime hours.

32.     The MAA knowingly and willfully violated the FLSA, 29 USC Section 207.

33.     As a result of the MAA's violation of the FLSA, Mercer has been damaged in an amount believed to be in excess of $69,000, plus attorney fees and costs.

**COUNT II**
(Violation of OCR 4111.03)

34.     Mercer restates all prior allegations as if fully rewritten herein.

35.     The MAA's failure to pay her overtime compensation for the hours she worked over 40 each workweek violated the OMFWSA, ORC 4111.03.

36.     The MAA knowingly and willfully violated the OMFWSA.

37.     As a result, Mercer has suffered damages in the form of lost overtime wages as set forth above, plus attorney fees and costs.

**COUNT III**
(Violation of 29 USC Sections 211(c), 215(a))

38.     Upon information and belief, the MAA has failed to make, keep, and preserve accurate time records for Mercer sufficient to determine wages, hours, and other conditions and practices of employment in violation of the FLSA, Sections 29 U.S.C. Sections 211(c) and§215(a).

39.     As a result of the MAA's record-keeping practices, the overtime work performed by Mercer is not recorded.

40.     The MAA knowingly and willfully violated the FLSA, 29 USC Sections 211(c) and 215(a).

6

WHEREFORE, Plaintiff Ruth Mercer requests judgment against the Defendant as follows:

(1)     As an award of unpaid overtime for the three years from the date of this Complaint;

(2)     As an award of liquidated damages in an amount equal to double the amount of unpaid overtime referenced above;

(3)     As an amount reflecting post-judgment interest;

(4)     As an award of attorney fees and litigation costs;

(5)     As an award of all reasonable costs and expenses incurred by Mercer in connection with the prosecution of this action, and such other relief, legal or equitable, that this Court deems suitable, lawful and proper.

Respectfully submitted,

/s/ Max E. Dehn
Max E. Dehn (0079600)
CAVITCH, FAMILO & DURKIN Co. LPA
1300 East Ninth St. – 20th Floor
Cleveland, Ohio 44114
Telephone:    (216) 621-7860
Facsimile:    (216) 621-3415
Email:        mdehn@cavitch.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand that this case be tried before a jury of the maximum number allowed by law.

/s/ Max E. Dehn
Max E. Dehn (0079600)